Arden v. Kermit.

---

### ARDEN *against* KERMIT.

In trespass for an encroachment, by the defendant's wharf on the plaintiff's water-lot, the plaintiff may give evidence under a *continuando;* and the current value of the part in the defendant's possession will be the amount of damages.

Proof of payment of quit-rents by the plaintiff to the corporation of the city, is sufficient evidence of possession of a water-lot, held under such corporation.

In trespass for an encroachment on the plaintiff's water-lot, by the defendant's wharf, if the defendant claims title to the *locus in quo*, and the encroachment is proved, and it appears to have been occasioned by the defendant's wharf being originally placed on a muddy bottom, the defendant is estopped from contending that the plaintiff ought to have brought case, and not trespass.

THIS was an action of trespass, laid with a *continuando*, to which the defendant pleaded not guilty.

The trespass, complained of, was an alleged encroach-

Arden v. Kermit.

ment of about six inches, by the defendant's wharf, on the plaintiff's water-lot.

The plaintiff traced his title to the *locus in quo* to the corporation of the city of New York, who had granted the premises in 1765, " to Oliver Delancy, in trust, for the heirs and devisees of Sir Peter Warren, their heirs and assigns forever," subject to a certain quit-rent. Sir Peter Warren left three children at his death, between whom a partition of the said property was made by consent; after which partition, the part including the *locus in quo* was conveyed by fine to Peter Stuyvesant, the heir of Sir Peter Warren, to whom that part had fallen in severalty, being the conusor in the fine. Stuyvesant conveyed the same to Edgar, who conveyed to the plaintiff. It also appeared, that the quit-rents had been regularly paid to the corporation by the plaintiff and the other possessors, since the fine levied.

The plaintiff having proved the encroachment, from certain surveys made of the property, was about to offer evidence under the *continuando* in his declaration.

This was opposed by the defendant's counsel, who contended that such testimony was inadmissible; that this was a complete disseisin; that, therefore, the plaintiff in this action could only recover damages for the first act of trespass, the mere act of ouster; that, to entitle him to go into evidence under the *continuando*, he ought to have made a re-entry, or a continual claim, which is equivalent to such re-entry. Esp. Ni. Pri. 418; Tri. *per pais*, 531; Co. Litt. 257, a; 6 Com. Dig. 389, tit. Trespass, B. 2.

. In reply, the plaintiff's counsel said, that the law, relative to disseisin, had undergone a material change since the

8

decision of the cases cited by the defendant's counsel; that, as the law now stood, the plaintiff might elect to consider the act as a disseisin, or as a mere trespass; that here the plaintiff had exercised that option, and had elected to consider the defendant's act a trespass, and not an ouster; and, therefore, the testimony offered was certainly admissible.

THOMPSON, J.    It is competent to the plaintiff to go into evidence, under his *continuando*, in this case.    This is no more a case of disseisin than the mere entry on the premises of another, and exercising ownership there by cutting down his trees, would be.    The *continuando* is well laid in the declaration, and the plaintiff may go into evidence under it.(1)

In proving his damages, under the *continuando*, the plaintiff claimed all the wharfage, received by the defendant,

---

(1) The rule, contended for by the defendant's counsel, seems to be correct in cases of actual disseisin; for, in such cases, Coke says, "The disseisee shall have an action of trespass against the disseisor, and recover his damages for the first entry, without any regress; but, after regress, he may have an action of trespass with a *continuando*, and recover as well for all the *mesne* occupation, as for the first entry.    Co. Litt. 257, a.; *vide etiam*, 2 Roll. 653; I. 50.    But what shall be said to be a disseisin, has been of late a matter of considerable discussion; all the books seem to agree, that the ancient learning, on this subject, has become abstruse.    6 Johns. 215.    A mere entry upon another, is no disseisin, unless it be accompanied with expulsion, or ouster from the freehold.    Disseisin is an estate gained by wrong and injury, and therein it differs from dispossession, which may be by right or wrong.    Per Kent, C. J., 6 Johns. 215.    A bare entry on another, without an expulsion, makes such a seisin only, that the law will adjudge him in possession, that has the right.    1 Salk. 246.    This being, therefore, a mere trespass, and not a disseisin, a re-entry to enable the plaintiff to bring trespass with a *continuando*, was unnecessary : the continuation of the possession being a continuation of the trespass.    Lutw. 312.

from vessels which had been attached to that part of his wharf encroaching on the plaintiff.

THOMPSON, J.   This cannot be the rule of damages; you can only recover the current value of the part proved to be in the defendant's possession.

The plaintiff having closed his testimony, the defendant's counsel moved for a non-suit.   They contended, that, to support this action, the plaintiff must either show an actual possession, or a documentary title, from which a legal possession might be inferred.   That, as he had shown no actual possession, he must fail in his action, if his documentary title should prove defective.   To show a defect in that title, they contended that, inasmuch as the deed in trust, from the corporation to Oliver Delancey, contained no words of perpetuity, it conveyed a life-estate only in the premises, which, therefore, on the death of the trustee, reverted to the corporation; hence, therefore, the heirs of Sir Peter Warren had nothing in the premises when the fine was levied, and could not be tenants to the *præcipe;* the fine, therefore, passed nothing to the conusee, the conusor having no interest in the premises.   2 Bl. Com. 360; 5 Rep. 123.   And that this defect might be taken advantage of by averment, admitting the existence of the deed, but avoiding it for the want of interest in the parties.   1 Rev. Laws, 73; 3 Rep. 88; Cro. Eliz. 471; 3 Co. 8, a.; 3 Co. 80; Plow. Com. 49, a.

THOMPSON, J.   An actual *possessio pedis* cannot be shown in this case.   But sufficient possession, for the purposes of this action, has been shown by the production of Edgar's deed to the plaintiff, and the proof of payment of the quit-

rent. The plaintiff need not have proceeded further with the documentary proofs.(2)

The defendant then offered evidence of surveys, to show that there was no encroachment on his part.

It appeared in evidence, however, that the defendant's wharf had been laid on a very muddy bottom; and THOMPSON, J., in charging the jury, was of opinion that there had been an encroachment, which had been occasioned by the sliding of the dock, which was a trespass for which the plaintiff was, in strictness of law, entitled to damages.

The defendant's counsel requested the court to charge the jury, that if they believed the encroachment had been occasioned by the mere sliding of the defendant's dock, they should find for the defendant, because the plaintiff should have brought his special action on the case, for the consequential damages, and not trespass.

(2) Any possession is sufficient to maintain trespass, *quare clausum fregit*, against a wrong doer. *Graham* v. *Peat*, 1 East, 244. The action of trespass being a possessory action, it is a general rule, that no other than the person who has title to the freehold, can compel the party in possession to show his own title to that possession. It is not enough for a wrong doer, therefore, to show a title in a third person; he must also show authority from him, to make the entry complained of, before the plaintiff can be driven to produce his title in evidence. In this case, therefore, if the defendant could have proved a license, under the corporation of the city of New York, to enter on the *locus in quo*, the court would have been compelled to decide on the sufficiency of the plaintiff's title. So also, if the defendant had proved a title in himself, or in any third person, with license from such third person. *Argent* v. *Durrant*, 8 D. & E. 405; *Chambers* v. *Donaldson*, 11 East, 65. And this evidence would have been admissible under the pleadings in this case; for, although Lord Kenyon would not receive this defence under the general issue, in the case of *Philpot* v. *Holmes*, (Peake, 67,) the law of that case has been since expressly overruled in the case of *Argent* v. *Durrant*, above cited.

THOMPSON, J. You have precluded yourselves from this objection, by setting up your claim to the *locus in quo.*

Verdict for the defendant.

*Hoffman, Emmet* and *D. A. Ogden,* for the plaintiff.

*Colden* and *Wells,* for the defendant.